

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-1441
Re: Authority of the Commissioners Court to
pass an order providing that no vacations
with pay shall be allowed any employees
of the county, or deputies or assistants
of county officers, until and unless such
persons have been employed for a period
of one year.

The above question as contained in your letter of
September 11th, is presented to us for an opinion from this
department.

Your letter concludes with the following paragraph:

"Your opinion is therefore respectfully re-
quested as to the authority of the commissioners'
court to regulate the hours of labor and vacations
to be granted to deputies, assistants and clerks
in elective offices in this county."

Article 3902, Revised Civil Statutes, 1925, as
amended, and to which you refer in your letter, reads in part
as follows:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such
deputies, assistants or clerks, stating by sworn
application the number needed, the position to be
filled and the amount to be paid. Said application
shall be accompanied by a statement showing the

Hon. Tom Seay, Page 2.

> probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: ..."

We are unable to find any statute dealing with the subject of vacations among county officials. The same is true of deputies, assistants or other regular employees authorized to perform services under the principal of any public office, with the exception of Article 1583b, Penal Code of Texas, 1925, which provides that every regularly assigned jailer, jail guard, or jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay, not more than two (2) members to be on vacation at the same time.

Commissioners Courts are courts of general jurisdiction when acting within the sphere of the powers and duties conferred upon them, however, they are courts of limited jurisdiction in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law -- that is, by the Constitution and statutes of the State. 11 Tex. Jur. para. 37, p. 564.

Hon. Tom Seay, Page 3.

The law imposes upon each elective official of a county certain duties connected with his office which he is obligated to faithfully discharge and perform. He is responsible for certain acts of his deputies; and in the matter of attending to and performing the duties of his office, the law holds him responsible. Many duties connected with a public office must necessarily be performed by clerical workers and assistants, who consequently perform their duties solely under the direction of the principal in office. Especially is this true where their duties are not regulated by statute.

The status of the various deputies, assistants or clerks, as provided in the above-quoted statute, are varied. Sheriff deputies, constable deputies and all county clerk deputies are considered public officers. In a true sense, they perform governmental functions, and where their duties are not prescribed or regulated by statute, they perform a public service, sharing the responsibility of office with their principal. Such officers stand on a footing different from mere county employees-- the services and employment of the former being authorized by law, the latter being based upon contract with the commissioners court.

An examination of the acts of the various legislatures for several years past discloses that the general appropriation bill provisions, as affecting State employees, permit twelve (12) working day vacations, when agreed to between the official and his employees. If it can be said that the State has adopted a policy of allowing paid vacations, a law which requires a public officer to serve a year before being allowed such vacation would, in our opinion, contravene such declared policy, depriving the government of better and more efficient service, which is the only principle upon which such vacations can be sustained.

Such matters of general office routine or mode in which a public officer, with the help of his authorized deputies, assistants and clerks, performs the duties of his office, where not regulated by statute, are not vested in the commissioners court. We cannot help but view the matter of regulation of hours and vacations of public officers in all governmental and political units of the government as being solely one of executive or administrative discretion, subject to be withdrawn or controlled by the Legislature.

Hon. Tom Seay, Page 4.

Vacations are closely identified with general administrative powers vested in the holder of a public office. The only principle upon which vacations are permitted, insofar as a declared policy of the government would authorize same, appears grounded on a settled policy of employees or public officers entering into an agreement with their departmental or office head, under the latter's supervision and direction.

As vacations directly affect the discharging of the duties of a particular office, the responsibility for which reposes in the principal of such office, the Commissioners Court, being nowise charged with such responsibility, would not be authorized, in the absence of legislative authority, to assume control and attempt to regulate the same.

It is, therefore, the opinion of this department that the commissioners court of a county does not have the authority to pass an order providing that no vacations with pay shall be allowed any employees of the county or deputies or assistants of county officers until and unless such persons have been employed for a period of one year. Such order, being beyond the scope of power and authority vested in the Commissioners Court, is ultra vires and void.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

APPROVED OCT 7, 1939
WMK:pbp
_____
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN